IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
DEC 05 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal-Defendants,<br><br>and<br><br>STATE OF WYOMING,<br><br>Defendant-Intervenor. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>and CV 17–123–M–DLC) |

Before the Court are five cases involving the delisting of the Greater Yellowstone ecosystem grizzly bear ("GYE grizzly bear") from the Federal List of Endangered and Threatened Wildlife under the Endangered Species Act ("ESA"): *Crow Indian Tribe et al. v. United States of America et al.*, CV 17–89–M–DLC; *Humane Soc'y of the U.S. et al. v. U.S. Fish & Wildlife Serv. et al.*, CV 17–117–M–DLC; *Wildearth Guardians v. Zinke et al.*, CV 17–118–M–DLC; *N. Cheyenne Tribe et al. v. Zinke et al.*, CV 17–119–M–DLC; and *All. for the Wild Rockies et al. v. Zinke et al.*, CV 17–123–M–DLC. On November 13, 2017, the

Court found that all cases involved common questions of law and fact and informed the parties that it was inclined to consolidate the cases. The parties were instructed to show cause as to why these five cases should not be consolidated under Federal Rule of Civil Procedure 42(a).

On November 29, 2017, the parties in all five cases submitted their responses to the Court's Order, indicating that they do not oppose consolidation. *Crow Indian Tribe et al. v. United States of America et al.*, CV 17–89–M–DLC; (Doc. 38); *Humane Soc'y of the U.S. et al. v. U.S. Fish & Wildlife Serv. et al.*, CV 17–117–M–DLC (Doc. 21); *Wildearth Guardians v. Zinke et al.*, CV 17–118–M–DLC (Doc. 23); *N. Cheyenne Tribe et al. v. Zinke et al.*, CV 17–119–M–DLC (Doc. 21); and *All. for the Wild Rockies et al. v. Zinke et al.*, CV 17–123–M–DLC (Doc. 16). However, the parties request that the Court retain each case's separate identity and separate briefing.

Further, Federal Defendants contend that there is substantial similarity in the claims and that the parties and the Court should revisit briefing procedures as well as word limitations once Plaintiffs and Defendant-Intervenors have had a chance to review the Administrative Record. Plaintiffs agree that the scope of the issues are not yet fully cognizable, and will endeavor to confer with Federal Defendants and Defendant-Intervenors for adoption of a mutually agreeable

briefing schedule.

Finally, the United States Forest Service indicated that it may publish a notice in the Federal Register seeking public comment on a recent D.C. Circuit Court of Appeals ruling, *Humane Society of the United States v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), that could affect its June 30, 2017, grizzly Final Rule. Thus, the Court was made aware that if this occurs, Federal Defendants will likely move for a stay of proceedings during the pendency of this administrative process. Plaintiffs have indicated that they are likely to oppose any request for a stay of proceedings.

Considering the joint case management plan in each of these consolidated cases and understanding the parties' respective arguments and concerns,

IT IS ORDERED that:

(1) Case Nos. CV 17–89–M–DLC, CV 17–117–M–DLC, CV 17–118–M–DLC, CV 17–119–M–DLC, and CV 17–123–M–DLC are CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42(a)(2). The cases will retain their separate characters and the Court will issue a separate judgment in each case. Pursuant to the Guide for Filing in the District of Montana regarding consolidated cases, all documents shall be e-filed in the lead case (CV 17–89–M–DLC) and

spread to the appropriate member case (CV 17–117–M–DLC, CV 17–118–M–DLC, CV 17–119–M–DLC, or CV 17–123–M–DLC). When prompted to spread, users should answer "yes". Further, from this point forward, any brief filed in any case shall refer only to the docket and associated document numbers in the lead case CV 17–89–M–DLC.[1]

(2) If Federal Defendants intend to move for a stay of proceedings, such motion shall be filed no later than 14 days after any notice is published in the Federal Register regarding the Final Rule. Plaintiffs may oppose Federal Defendants' motion for stay. Any briefing should proceed in accordance with this District's Local Rules.

(3) Federal Defendants shall produce the Administrative Record for the Final Rule for counsel **by January 5, 2018.** Because the record is likely to be voluminous, the parties have stipulated that the record shall to be served by Federal Defendants in electronic format. A copy of the record shall be sent to each counsel of record in each case.

(4) **On or before March 5, 2018**, Plaintiffs shall notify Federal

---

[1] For example, if a party files a motion for summary judgment in CV 17–117–M–DLC, that motion and brief in support should cite to the docket and corresponding document numbers under the lead case CV 17–89–M–DLC, not the document numbers in CV 17–117–M–DLC.

Defendants whether Plaintiffs believe the Administrative Record is complete, requires supplementation with additional materials, or whether Plaintiffs will seek discovery regarding the sufficiency of the record. Should a dispute arise regarding the Administrative Record, the applicability of any exceptions to record review, or any asserted need for judicial review of extra-record materials, the Parties shall attempt to negotiate a resolution. The Parties shall file a status report **by March 23, 2018**, notifying the Court that either: (a) they have reached an agreement on the administrative record and intend to proceed to summary judgment briefing as set forth in paragraph 4 below; (b) they need more time to negotiate regarding the record; or (c) Plaintiffs intend to file a motion to resolve the record dispute. Any such motion shall be filed **by April 13, 2018.** Briefing on any such motion shall proceed in accordance with the Local Rules.

(5) After the Administrative Record is finalized, the Court will set a status conference to set a briefing schedule, set word limitations, and discuss the issues presented and potential joint briefing on similar issues. At least one counsel of record for each party in each case shall be present in Missoula, Montana for this status conference, with

authority to enter into a binding scheduling order.

DATED this 5th day of December, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court