IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
DEC 11 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal-Defendants,<br><br>and<br><br>STATE OF WYOMING; STATE OF IDAHO; SAFARI CLUB INTERNATIONAL and NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>and CV 17–123–M–DLC) |

The Safari Club International and the National Rifle Association of America ("Safari Club/NRA") have filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 35.) Plaintiffs Crow Indian Tribe, *et al.* oppose the motion, and Federal Defendants and Defendant-Intervenor State of Wyoming have stated that they take no position on the motion.

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisa! Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

While Safari Club/NRA moved to intervene in a timely manner, the Court finds that they do not significant protectable interest that may be impaired as a result of this litigation, but rather have a generalized interest in the litigation. (Doc. 37 at 3.) Their generalized interest represents the pro-hunting perspective of parties who would partake in the hunting of grizzly bears and other game in the area at issue. Safari Club/NRA argue that because none of the Plaintiffs support the hunting of grizzly bears, they should be allowed to intervene as of right. However, Plaintiffs Crow Indian Tribe, *et al.* contend that they do not have independent standing for this reason. For support, Plaintiffs rely on other ESA delisting cases that allowed Safari Club/NRA to only permissively intervene. (Doc. 37 at 2 (citing *Alliance for the Wild Rockies v. Salazar*, 672 F.3d 1170 (9th Cir. 2012); *Defenders of Wildlife v. Hall*, 565 F. Supp. 2d 1160 (D. Mont. 2008); *Greater Yellowstone Coal., Inc. v. Servheen*, 2008 WL 11348731 (D. Mont. Apr. 25, 2008).) The Court concludes that Safari Club/NRA's interest in hunting opportunities for their members is not a "significant protectable interest" relating to the delisting of the GYE grizzly bear.

Safari Club/NRA also request permissive intervention. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.

24(b)(1)(B). In deciding whether to permit intervention under Rule 24(b), the court must consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). Safari Club/NRA's defenses have common questions of law with the main action, namely whether Federal Defendants complied with the ESA in delisting the GYE grizzly bear. Additionally, intervention will not unduly delay or prejudice the original parties. Safari Club/NRA defend the interests of a small section of the regulated public–grizzly bear hunters–and those arguments will not be represented by the other parties in this case. Thus, the Court grants permissive intervention.

IT IS ORDERED that the Safari Club/NRA's motion to intervene (Doc. 35) is GRANTED IN PART. The Court denies the motion pursuant to Fed. R. Civ. P. 24(a), and grants the motion pursuant to Fed. R. Civ. P. 24(b). All parties, including Safari Club/NRA, shall comply with the Court's December 5, 2017 Order regarding consolidation. The Court notes that it may allow Safari Club/NRA to submit independent briefing on pro-hunting issues if those issues are not adequately addressed in joint briefing. However, the Court will make that determination at the scheduling status conference to be held after the Administrative Record is finalized.

DATED this 11th day of December, 2017.

*signature*
Dana L. Christensen, Chief Judge
United States District Court