IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal Defendants.<br>and<br><br>STATE OF WYOMING; et al.,<br><br>Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>CV 17–123–M–DLC<br>and CV 18–16–M–DLC)<br><br>ORDER |

The Wyoming Farm Bureau Federation, Wyoming Stock Growers Association, Charles C. Price, and W&M Thoman Ranches (collectively "Applicants") have filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). (Doc. 115.) Plaintiffs and Defendants reserve their position on this motion until they have the opportunity to review the pleadings, the State of Wyoming does not oppose the motion (Doc. 122),

and all other Defendant-Intervenors do not oppose the motion. No objections have been filed to date.

A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. US. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *DBSI/TRJ IV Ltd. Partnership v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisa! Water Corp.*,

370 F.3d 915, 919 (9th Cir. 2004)).

While Applicants moved to intervene in a timely manner (Doc. 116 at 24), the Court finds that they do not have a significant protectable interest that may be impaired as a result of this litigation, but rather have a generalized interest in the litigation. (Doc. 116 at 26–27.) Their generalized interest represents the property rights and economic interests of agricultural producers throughout the State of Wyoming. Applicants argue that they will continue to suffer an economic loss due to the increased cost of attempting to protect against predator depredation and grizzly bear activity on their lands. (Doc. 116 at 26.) However, the Court concludes that Applicant's economic interest in protecting their agricultural lands is not a "significant protectable interest" relating to the delisting of the GYE grizzly bear.

Applicants also request permissive intervention. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention under Rule 24(b), the court must consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). Applicant's arguments have common questions of law with the main action, namely whether Federal Defendants complied with the ESA in delisting the GYE grizzly bear.

Additionally, intervention will not unduly delay or prejudice the original parties. Applicants defend the interests of a small section of the regulated public—farmers in the State of Wyoming—and those arguments will not be represented by the other parties in this case. Thus, the Court grants permissive intervention.

IT IS ORDERED that the Applicant's motion to intervene (Doc. 115) is GRANTED IN PART. The Court denies the motion pursuant to Fed. R. Civ. P. 24(a), and grants the motion pursuant to Fed. R. Civ. P. 24(b). All parties, including Applicants, shall comply with the Court's scheduling orders. The Court notes that it may allow Applicants to submit independent briefing if those issues are not adequately addressed in joint briefing. However, the Court will make that determination at the scheduling status conference to be held after the Administrative Record is finalized.

DATED this 14th day of March, 2018.

Dana L. Christensen, Chief Judge
United States District Court