IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

MAY 14 2018

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal Defendants.<br>and<br><br>STATE OF WYOMING; et al.,<br><br>Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>CV 17–123–M–DLC<br>and CV 18–16–M–DLC)<br><br>ORDER |

Pursuant to this Court's Order dated March 14, 2018 (Doc. 135), the parties were advised that after the Administrative Record was filed in these consolidated cases, a telephonic status conference would be held to set a briefing schedule. The parties issued a joint status report on April 6, 2018, advising the Court of the status of the Administrative Record dispute and further indicating that some claims were ready to proceed to trial but that others would benefit from bifurcation or a stay.  (Doc. 168.)   Subsequently, Plaintiff Aland in CV 18-16-M-DLC filed a Motion to Supplement the Final Administrative Record.   (Doc. 171.)   The

-1-

Administrative Record was filed on May 11, 2018. (Doc. 175.) Finally, the parties filed a Joint Motion to Set Briefing Schedule, providing the Court with briefing and scheduling alternatives. (Doc. 176.)[1]

After reviewing the joint status report, Aland's Motion to Supplement, Federal Defendant's response to the Motion, Aland's reply brief, and the recent joint motion, the Court finds that a telephonic scheduling conference is not needed and it will proceed to set a briefing schedule in accordance with the parties wishes to have this case fully briefed and argued prior to a potential fall hunting season. The Court also addresses the need to bifurcate and stay certain claims below.

## I. Briefing Schedule

IT IS ORDERED that the following schedule shall govern the dispositive briefing in this matter:

| | |
|---|---|
| Plaintiffs' motions for summary judgment and briefs in support (limited to 6,500 words):[2] | June 13, 2018 |
| Federal Defendants' combined cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment (limited to 13,000 words): | July 11, 2018 |

---

[1] The Court greatly appreciates the cooperative manner in which the parties have approached this task.

[2] This includes Organizational Plaintiffs' APA and ESA claims, and Plaintiff Aland's claims 1, 3, 5, 6, and 7.

| | |
|---|---|
| Defendant-Intervenors' cross-motions for summary judgment and responses to Plaintiffs' motion for summary judgment (limited to 6,500 words): | July 25, 2018 |
| Plaintiffs' responses to Federal Defendants' and Defendant-Intervenors' cross-motions for summary judgment and replies in support of their motions for summary judgment (limited to 3,250 words): | August 8, 2018 |
| Federal Defendants' combined reply in support of their cross-motion for summary judgment (limited to 6,500 words): | August 22, 2018 |
| Defendant-Intervenors' replies in support of their cross-motions for summary judgment (limited to 3,250 words): | August 22, 2018 |

Plaintiffs in *each case* may file an opening motion for summary judgment and supporting brief no longer than 6,500 words. Federal Defendants may file a *combined* cross-motion for summary judgment and response no longer than 13,000 words in response to all the Plaintiffs' motions. Defendant-Intervenors *may each* file a cross-motion for summary judgment and response no longer than 6,500 words in response to all the Plaintiffs' motions. Plaintiffs may *each* file a reply brief no longer than 3,250 words. Finally, Federal Defendants may file a *combined* reply brief no longer than 6,500 words and Defendant-Intervenors may *each* file a reply brief no longer than 3,250 words.

The parties are further encouraged to not make duplicative arguments.

Therefore, parties shall confer, discuss the issues presented in their respective briefs, and consolidate briefing on the same subject. As indicated in the joint motion, Organizational Plaintiffs will submit a single, joint statement of undisputed facts in support of their separate motions for summary judgment and a single, joint response to Federal Defendants' and/or Defendant-Intervenors' statements of undisputed facts. (Doc. 176 at 4.)

The parties are reminded that in all documents filed with the Court, the parties shall not use any acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, USFS, FWS, and EIS.

## II. Bifurcation and Stay

The parties further represent in their joint status report that Plaintiff Aland's Claims 2, 4, and 8 should be bifurcated and stayed until resolution of the organizational Plaintiffs' claims, because resolution of those claims will inform the parties on how to proceed. Plaintiff Aland does not oppose bifurcation of Claim 8, but opposes bifurcation of Claims 2 and 4. Moreover, the parties all agree that in *Crow Indian Tribe et al. v. United States*, CV 17-89-M-DLC, the Plaintiffs' Religious Freedom Restoration Act ("RFRA") claim should be bifurcated and stayed pending resolution of the APA and ESA claims.

The Court finds that in an effort to expedite the APA and ESA claims at issue in these consolidated cases prior to a potential fall hunting season, bifurcating and staying any claims that are non-dispositive on these main issues is appropriate.

Accordingly, IT IS FURTHER ORDERED that the RFRA Claim in CV 17-89-M-DLC, and Plaintiff Aland's Claims 2, 4, and 8 in CV 18-16-M-DLC are bifurcated and stayed pending resolution of the remaining claims.

### III. Hearing Date

IT IS FURTHER ORDERED that a hearing date is set for **Thursday, August 30, 2018 at 9:00 a.m.** in the Russell Smith Courthouse in Missoula, Montana, regarding all motions and cross-motions for summary judgment in these consolidated cases.

Plaintiffs shall have sixty (60) minutes total for argument, to be divided amongst all Plaintiffs. Federal Defendants shall have sixty (60) minutes total for argument. Defendant-Intervenors shall have thirty (30) minutes total for argument, to be divided amongst all Defendant-Intervenors. These allocations are exclusive of any time spent responding to questions posed by the Court.

DATED this 14th day of May, 2018.

Dana L. Christensen, Chief Judge
United States District Court