UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

***

| | |
|---|---|
| CROW INDIAN TRIBE, CROW CREEK SIOUX TRIBE, STANDING ROCK SIOUX TRIBE, LOWER BRULE SIOUX TRIBE, PONCA TRIBE OF NEBRASKA, PIIKANI NATION, THE CRAZY DOG SOCIETY, HOPI NATION BEAR CLAN, NORTHERN ARAPAHO ELDERS SOCIETY, DAVID BEARSHIELD, KENNY BOWEKATY, LLEVANDO FISHER, ELISE GROUND, ARVOL LOOKING HORSE, TRAVIS PLAITED HAIR, JIMMY ST. GODDARD, PETE STANDING ALONE, NOLAN YELLOW KIDNEY, and GARY DORR, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and RYAN ZINKE, Secretary, United States Department of the Interior, and the UNITED STATES DEPARTMENT OF INTERIOR, and GREG SHEEHAN, Acting Director, United States Fish and Wildlife Service, or his Successor in Office, and the UNITED STATES FISH AND WILDLIFE SERVICE, and HILARY COOLEY, Grizzly Bear Recovery Coordinator, <br><br> Defendants. | CIV. 17-CV-00089-DLC-JCL <br><br><br> PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Counts II, III, V, VI, VII, VIII and IX) |

***

Plaintiffs in case CV-17-00089-M-DLC, federally recognized Indian tribes, tribal members, and tribal- and Indian-associated entities, move for summary judgment on counts II-III, and V-IX of their first amended complaint.[1] Dkt. 22.

## STATEMENT OF FACTS

Plaintiffs in case 17-89 base their motion on the consolidated Plaintiffs' Joint Statement of Undisputed Facts which is being separately submitted to the Court. That statement is consolidated herein by reference.

## INCORPORATION OF ARGUMENTS OF PLAINTIFFS IN CONSOLIDATED MATTERS

Consistent with this Court's scheduling order, the Plaintiffs in case 17-89 consulted with plaintiffs in the consolidated matters to coordinate briefing and avoid duplication of argument. For Plaintiffs in case 17-89, that coordination was successful, and Plaintiffs in case 17-89 incorporate by reference the arguments of other plaintiffs. The incorporated arguments provide thorough legal analysis for Counts II-III and V-IX of Plaintiffs' first amended complaint.

---

[1] Soon after the Federal Circuit Court issued its decision directly on point in *Humane Society v. Zinke*, 865 F.3d 585 (D.C. Cir. Aug. 1, 2017), the federal parties and plaintiffs in case 17-89 agreed to, and the Court subsequently approved, bifurcation and holding in abeyance the tribal and tribal member claims in case 17-89 related to the unique Indian related issues presented in case 17-89. The claims held in abeyance are Counts I of the complaint (United States violated legal duty to engage in meaningful pre-decisional government-to-government consultation with tribes); and Count IV (violation of Religious Freedom Restoration Act).

# CONCLUSION

The briefs in support of summary judgment in this case present multiple issues, and some of those issues are difficult or complex. But the Court need not even reach most of those, because this case was all over but the shouting once the United States Federal Circuit issued its decision in *Humane Society v. Zinke*, 865 F.3d 585 (D.C. Cir. Aug. 1 2017).

Laudably, the United States Fish and Wildlife Service (the Service) took a consistent and uniform approach with regard to the grizzly bear and the grey wolf. But, unlaudably, and as the Court in *Humane Society v. Zinke* concluded, the Service's consistent and uniform approach was wrong. In both cases that consistent and uniform approach led to the same deficiencies in the Service's consideration of whether the species should be delisted.

At the time it issued the delisting decision currently at issue, the Service had hoped it would prevail in *Humane Society v. Zinke*, and if it had, it would now be noting to this Court that because it had adopted the same approach in both cases, it should win in this case. But it lost in that case, and it therefore should lose in this case.

Based upon the incorporated statement of facts and incorporated arguments, summary judgment on counts II-III and V-IX should be granted. The Court should declare that the United States Fish and Wildlife Service's decision to designate the

grizzly bears in the Greater Yellowstone Ecosystem as a distinct population segment and then delist that small population of grizzly bears was arbitrary and capricious, and was contrary to law.  The Court should vacate the delisting decision and remand this matter to the Service.

Plaintiffs in case 17-89 further suggest to this Court that as part of the order vacating and remanding, the Court could then determine that any remaining claims, including counts I and IV of the Amended Complaint in case 17-89 could be dismissed as moot.


| | |
|---|---|
| June 13, 2018 | **FREDERICKS PEEBLES & MORGAN LLP** |
| | *s/  Jeffrey S. Rasmussen* |
| | Jeffrey S. Rasmussen (*Pro Hac Vice*) |
| | Peter J. Breuer |
| | Katie D. Frayler (*Pro Hac Vice*) |
| | Michael W. Holditch *(Pro Hac Vice)* |
| | 1900 Plaza Drive |
| | Louisville, Colorado 80027 |
| | Telephone: (303) 673-9600 |
| | Facsimile: (303) 673-9155/9839 |
| | Email: pbreuer@ndnlaw.com |
| | Email: jrasmussen@ndnlaw.com |
| | Email: kfrayler@ndnlaw.com |
| | Email: mholditch@ndnlaw.com |
| | |
| | *Attorneys for the Plaintiffs (case 17-89)* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2018, a copy of the foregoing PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Counts II, III, V, VI, VII, VIII and IX) was filed with the Clerk of the Court via the ECF filing system, with service upon the parties via ECF.

*/s/ Jeffrey S. Rasmussen*
Jeffrey S. Rasmussen