FILED
AUG 3 0 2018
Clerk, U.S District Court
District Of Montana
Missoula

UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CV-17-89-M-DLC (Lead) |
| v. ) | |
| ) | Consolidated with: |
| UNITED STATES DEPARTMENT ) | CV-17-117-M-DLC |
| OF THE INTERIOR, ET AL., ) | CV-17-118-M-DLC |
| ) | CV-17-119-M-DLC |
| Federal Defendants, ) | CV-17-123-M-DLC |
| ) | CV 18-16-M-DLC (Aland) |
| and ) | |
| ) | |
| STATE OF WYOMING, ET AL., ) | |
| ) | |
| Intervenors-Defendants. ) | |

**EMERGENCY MOTION WITH TIME DEADLINE
TO
ENJOIN INTERVENORS-DEFENDANTS IDAHO, MONTANA AND
WYOMING PENDING APPEAL FROM IMPLEMENTING HUNTS OF
GRIZZLY BEARS ON SEPTEMBER 1, 2018, IN
GREATER YELLOWSTONE ECOSYSTEM**

**PLAINTIFF,** Robert H. Aland, moves the Court to enter an injunction pending appeal pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure ("FRAP") 8(a)(1) to stay and enjoin Intervenors-Defendants Idaho, Montana and Wyoming, all three states being parties to this litigation by intervention, from implementing hunting seasons for grizzly bears in

the Greater Yellowstone Ecosystem ("GYE") beginning September 1, 2018, and ending on the date when this litigation is finally resolved.

Plaintiff states as follows in support of this Motion:

1. Federal Defendants published in the Federal Register on June 30, 2017 final agency action under the Endangered Species Act of 1973 ("ESA"), 16 U.S.C. §§ 1531 et seq. establishing grizzly bears in the GYE as a distinct population segment pursuant to 16 U.S.C. § 1532(16) and removing that segment from the list of threatened and endangered species under the ESA, as set forth in 50 C.F.R. § 17.11, effective July 31, 2017. 82 Fed. Reg. 30502.

2. On September 8, 2017, Plaintiff filed a civil suit under the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(1)(A), and the APA, 5 U.S.C. § 706(2)(A) and (D), that seeks to declare invalid, vacate and set aside and enjoin implementation of the 2017 Final Rule. That suit is currently pending in this Court as one of the consolidated cases identified in the caption.

3. The States of Idaho, Montana and Wyoming, Intervenors-Defendants in the consolidated cases, entered into a Memorandum of Agreement ("MOA") in August 2016 that allocates annual "discretionary mortalities" (i.e., trophy hunting deaths) of GYE grizzly bears among those states during established hunting seasons. The MOA contemplates reduction of the GYE population of grizzly bears from the current population level. FWS_Rel Docs_004917-29.

4. Idaho and Wyoming, pursuant to the MOA, have established hunting seasons for GYE grizzly bears that will begin on **Saturday, September 1, 2018**. The allocated GYE grizzly bear quotas under the MOA are one (1) and (22) for Idaho and Wyoming, respectively.

**Idaho:** https://idfg.idaho.gov/rules/grizzly

**Wyoming:** https://wgfd.wyo.gov/Regulations#Grizzly-Bear-Hunting-Seasons

5. Montana has decided not to implement a hunting season for GYE grizzly bears in 2018 but that decision is not irreversible.[1]

**Montana:** http://fwp.mt.gov/fishAndWildlife/management/grizzlyBear/

6. Idaho, Montana and Wyoming, pursuant to the MOA, could also implement hunting seasons for GYE grizzly bears in years after 2018 unless the bears are again listed as a threatened or endangered species under the ESA as a result of the final resolution of this litigation or otherwise.[2]

7. The Advisory Committee Notes accompanying the adoption of FRAP 8 in 1967 state:

> Subdivision (a). While the power of a court of appeals to stay proceedings in the district court during the pendency of an appeal is not explicitly conferred by statute, it exists by virtue of the all writs statute, 28 U.S.C. § 1651.

---

[1] Montana states in its Reply Brief: "[N]o grizzly bear hunting will take place in 2018 and there are no *current* plans for a 2019 hunt." ECF 241 at 9 (emphasis added).

[2] See footnote 1.

FRAP 8, in turn, provides, in accordance with the All Writs Act:

> (a) Motion for Stay.
>     (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
>         (A) A stay of the judgment or order of a district court pending appeal; . . . .

The All Writs Act gives the district court broad discretion to issue an emergency injunction in a situation such as the present case. It provides:

> (a) The Supreme Court and all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

See *United States v. State of Washington*, 459 F.Supp. 1020, 1030-31 n. 3 (W.D. Wash. 1978), appeal dismissed, 573 F.2d 1117 (9th Cir. 1978), aff'd, 645 F.2d 749 (9th Cir. 1981).

    8. This Court has recently analyzed in detail the factors that must be satisfied for the issuance of an injunction pending appeal in an ESA case such as this involving irreparable injury. *Alliance for the Wild Rockies v. Krueger*, 35 F.Supp.3d 1259 (D. Mont. 2014), aff'd, 664 Fed. Appx. 674 (9th Cir. 2016). The following chart establishes that the *Alliance* factors are satisfied in this case:

| *Alliance* Factor | Satisfied? |
|---|---|
| (1) "[Specific] irreparable harm [to the species] is not only possible, but likely"; injunction will avoid that harm; burden shifts to defendants to show harm is not irreparable. | **Yes.** If GYE grizzly bears are killed by hunters pending appeal and the final resolution is that the 2017 Final Rule is declared invalid, vacated and set aside and enjoined, the bears will have suffered irreparable harm; the damage |

| | |
|---|---|
| | will have been irreversible. In turn, Plaintiff's ability to observe and enjoy the GYE grizzly bears will be irreparably harmed. See *National Wildlife Federation v. National Marine Fisheries Service*, 886 F.3d 803, 817-24 (9th Cir. 2018); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *Native Ecosystems Council v. Marten*, 2018 WL 3831339 at 3-6 (D. Mont. Aug. 13, 2018) (irreversible degradation of old growth forest could cause irreparable injury to plaintiffs and lynx). |
| (2) Likelihood of success on the merits applied according to a lesser (i.e., "sliding scale") "serious questions" standard upon showing that the other three factors are satisfied; "middle ground exists in instances where a district court rules in favor of defendants, yet acknowledges the fact that its ruling was a close all, or that the law upon which its ruling rests is unsettled or opaque." | **Yes.** These consolidated cases present numerous serious scientific, procedural and other questions as indicated by, among other factors, the massive Administrative Record, lengthy 2016 Proposed and 2017 Final Rules and related documents and the numbers of briefs that have been filed to date and will be filed later with regard to bifurcated issues. |
| (3) Balance of equities or hardships, which "tips heavily in favor of the endangered species"; "as with irreparable harm, a plaintiff must present the court with some basis on which it can conclude that an injunction would in fact benefit the protected species." | **Yes.** The renewed killing of GYE grizzly bears pursuant to the MOA cannot under any circumstances be justified as beneficial to the grizzly bears that will be killed or to the general population of GYE grizzly bears. |
| (4) Public interest, which also "tips heavily in favor of the endangered species"; generally subsumed by factor (3) when federal government is a party. | **Yes.** Killing of GYE grizzly bears pending appeal, as for factor (3), provides no benefit to the grizzly bears that will be killed or to the general population of GYE grizzly bears. |

This Court stated in *Native Ecosystems Council*, 2018 WL 3831339 at 3 (citations omitted):

> [I]n ESA cases, Congress intended for courts to be guided by a policy of 'institutionalized caution' when confronted with requests for injunctive relief regarding listed species under the ESA.

9. The Court is requested to enter the injunction **before Saturday, September 1, 2018**, the day on which the hunting seasons begin in Idaho and Wyoming.

10. A proposed Order is attached to this Motion.

WHEREFORE, Plaintiff requests this Court to stay and enjoin Idaho, Montana and Wyoming from implementing hunting seasons for GYE grizzly bears in 2018 and thereafter, including suspension of all licenses granted by them for same, pending appeal and until final resolution.

*Robert H. Aland*

Robert H. Aland, Plaintiff

140 Old Green Bay Road
Winnetka, IL 60093-1512
Telephone: (847) 784-0994
Fax: (847) 446-0993
E-mail: rhaland@comcast.net

August 30, 2018

Attachment: Proposed Order