IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal Defendants.<br>and<br><br>STATE OF WYOMING; et al.,<br><br>Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>CV 17–123–M–DLC<br>and CV 18–16–M–DLC)<br><br>ORDER |

Before the Court is the Organizational Plaintiffs' Joint Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 252) and pro se plaintiff Robert Aland's motion for an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Appellate Procedure 8(a)(1) (Doc. 251), which the Court construes as a motion for a temporary restraining order and preliminary injunction. The Organizational Plaintiffs' Motion is supported by the Declarations of scientists Barrie K. Gilbert and David J. Mattson (Docs. 253-1 &

252-2).

The Court held a hearing on August 30, 2018, addressing the merits of the Plaintiffs' legal challenges to the recent delisting of the Greater Yellowstone Ecosystem Grizzly bear. *See* 82 Fed. Reg. 30,502 (June 30, 2017). Following that hearing, the Plaintiffs filed the present motions, seeking to restrain the Defendants and Defendant-Intervenors from authorizing or implementing grizzly bear hunting on September 1, 2018. The Defendants and Defendant-Intervenors have not yet responded to the motions. Nonetheless, pursuant to Federal Rule of Civil Procedure 65(b), the Court is satisfied that a temporary restraining order ("TRO") is warranted.

The analysis "is substantially identical for [a preliminary] injunction and [a] TRO." *Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). However, in Endangered Species Act ("ESA") cases, the Court "presume[s] that remedies at law are inadequate, that the balance of interests weighs in favor of protecting endangered species, and that the public interest

would not be disserved by an injunction." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 817 (9th Cir. 2018). Thus, here the Plaintiffs must demonstrate only that irreparable harm is likely and that they are likely to succeed on the merits.

"In light of the stated purposes of the ESA in conserving endangered and threatened species and the ecosystems that support them, establishing irreparable injury should not be an onerous task for plaintiffs." *Cottonwood Envtl. Law Ctr. v. USFS*, 789 F.3d 1075, 1091 (9th Cir. 2015). Here, the threat of death to individual grizzly bears posed by the scheduled hunt is sufficient. Indeed, "[h]arm to . . . members [of endangered species] is irreparable because once a member of an endangered species has been injured, the task of preserving that species becomes all the more difficult." *Nat'l Wildlife Fed'n*, 886 F.3d at 818 (internal quotation marks, alteration, and citation omitted). Moreover, members of the Organizational Plaintiffs, as well as pro se Plaintiff Robert Aland, have established personal interests in continued enjoyment of the species. The Organizational Plaintiffs have submitted substantial documentation of potential harm to the species (Docs. 253-1 & 252-2) and to the organizations' members (Docs. 75-1, 75-2, 75-3, 75-4, 75-5, 186-3, 186-6, 194-1).

Where the "balance of hardships tips sharply [in the moving party's] favor"

and the *Winter* factors are otherwise satisfied, it is enough for a plaintiff to demonstrate the existence of "serious questions going to the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "Serious questions on the merits" are those questions that present a "fair ground for litigation and thus for more deliberative investigation." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988).

Here, the Court finds that the Plaintiffs' arguments raise "serious questions going to the merits." At minimum, the current issue is close to that recently presented in *Humane Society of the United States v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017), in which the D.C. Circuit Court of Appeals held that Fish and Wildlife Service violated the Administrative Procedure Act and the ESA when it isolated and delisted a distinct population segment without considering the legal and functional impact on the remainder of the species.

IT IS ORDERED that the motions (Docs. 251 & 252) are GRANTED IN PART. The motions are granted to the degree that the Plaintiffs seek a temporary restraining order. Defendants and Defendant-Intervenors are temporarily restrained and enjoined from authorizing and/or implementing grizzly bear hunting. This Order shall remain in effect for fourteen days from this date.

IT IS FURTHER ORDERED that the Court will withhold ruling on the

motions to the degree that the Plaintiffs seek a preliminary injunction or any other more long-term relief.

DATED this 30th day of August, 2018.    5:05 p.m.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court