

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Federal Defendants.<br>and<br><br>STATE OF WYOMING; et al.,<br><br>Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>CV 17–123–M–DLC<br>and CV 18–16–M–DLC)<br><br>ORDER |

On August 30, 2018, this Court granted the Plaintiffs' motions for a temporary restraining order ("TRO") (Docs. 251 & 252) and enjoined the Defendants and Defendant-Intervenors from authorizing and/or implementing grizzly bear hunting. (Doc. 254). Absent extension, the TRO would expire on Thursday, September 13, 2018. However, the Court finds that good cause supports extending the TRO for an additional fourteen days. *See* Fed. R. Civ. P. 65(b).

Good cause exists to extend the TRO while the Court completes its order addressing the merits of the pending cross-motions for summary judgment. A TRO is appropriate "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). As discussed in this Court's order of August 30, 2018, the standard for a TRO has been met in this case.

There remain serious questions regarding whether FWS complied with the Administrative Procedure Act and the Endangered Species Act in delisting the Greater Yellowstone Ecosystem grizzly bear population. (Doc. 254 at 4.) If the Court does not extend the temporary restraining order, as many as 23 bears may be killed in the Greater Yellowstone Ecosystem. Their death would cause irreparable injury to the Plaintiffs. (Doc. 254 at 2–3.) In the absence of a TRO, the Plaintiffs face the potential death of members of a threatened species. That hardship substantially outweighs the hardship to be endured by the Defendants and Intervenor-Defendants, who must refrain only from hunting grizzly bears for an additional two weeks. Finally, Congress has made clear that endangered and threatened species "are of esthetic, educational, historical, recreational, and scientific value to the Nation and its people"; thus, given the possibility that FWS

erred in delisting the population, an injunction is in the public interest. 16 U.S.C. § 1531(a)(3).

In extending the TRO, the Court does not circumvent the legal requirements for a preliminary or permanent injunction but only preserves the status quo pending final resolution of this matter. The parties have had the opportunity to present their arguments in their briefs and at the hearing on the merits held on August 30, 2018. The present extension will provide the Court the time it needs to fully consider and respond to the parties' arguments.

Accordingly, IT IS ORDERED that the Temporary Restraining Order issued on August 30, 2018 (Doc. 254) is EXTENDED. Defendants and Defendant-Intervenors continue to be temporarily restrained and enjoined from authorizing and/or implementing grizzly bear hunting. This Order shall remain in effect for fourteen days from this date.

DATED this 13th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court