# UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| **CROW INDIAN TRIBE ET AL.,** ) | CV-17-89-M-DLC (Lead) |
| Plaintiff, ) | |
| ) | Consolidated with: |
| v. ) | CV-17-117-M-DLC |
| ) | CV-17-118-M-DLC |
| **UNITED STATES DEPARTMENT** ) | CV-17-119-M-DLC |
| **OF THE INTERIOR, ET AL.,** ) | CV-17-123-M-DLC |
| ) | CV 18-16-M-DLC (Aland) |
| Federal Defendants, ) | |
| ) | |
| and ) | **PLAINTIFF PRO SE ALAND'S** |
| ) | **NOTICE OF PROTECTIVE** |
| **STATE OF WYOMING, ET AL.,** ) | **CROSS-APPEAL** |
| ) | |
| Intervenors-Defendants. ) | |

Plaintiff Pro Se Robert H. Aland files this notice of protective cross-appeal to the United States Court of Appeals for the Ninth Circuit from certain rulings (see below) in this Court's (a) September 24, 2018, Order (ECF 266) and October 23, 2018, Order (ECF 274) and (b) October 23, 2018, Judgment (ECF 275) to the extent those rulings are related to and incorporated therein.

The purpose of this protective cross-appeal is to preserve for judicial consideration and resolution, if necessary, certain claims by Plaintiff Aland that were not addressed and resolved by this Court on their merits in the September 24,

2018, Order[1] and October 23, 2018, Order.  Specifically, this protective cross-appeal relates to rulings in the Court's October 23, 2018, Order dismissing as moot the following six claims in Plaintiff's Complaint (ECF 1), each of which is potentially dispositive of this litigation in Plaintiff's favor consistent with the September 24 and October 23, 2018, Orders and October 23, 2018, Judgment:

1. **Claim 1** alleging that Federal Defendants are precluded by offensive non-mutual collateral estoppel from relitigating the validity of removing Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., protection for grizzly bears in the Greater Yellowstone Ecosystem ("GYE") in light of *Greater Yellowstone Coalition v. Servheen*, 672 F. Supp. 2d 1105 (D. Mont. 2009), aff'd, 665 F.3d 1015 (9th Cir. 2011)[2];

2. **Claim 2** alleging that Federal Defendants were required to promulgate the 2017 Final Delisting Rule, 82 Fed. Reg. 30502 (June 30, 2017), within the mandatory 12-month statutory deadline set forth in the ESA, 16 U.S.C. § 1533(b)(6)(A)(i), but promulgated the 2017 Final Delisting Rule after expiration of

---

[1] In the September 24, 2018, Order the Court stated, in pertinent part, that (a) "the present Order does not address Plaintiff Aland's Claims 2, 4 and 8" and (b) it "does not reach the Plaintiffs' other arguments, as it finds the listed arguments dispositive."  ECF 266, footnotes 1 & 2.

[2] Claim 1 has been fully briefed.  ECFs 183 at 4-8, 16-20; 187-1 at 4-10; 203 at 119-20; 205 at 150-60; 226 at 3-8; 228 at 8-10.

that deadline, without an extension under 16 U.S.C. § 1533(b)(6)(B)(i), in violation of the ESA and Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704 and 706(2)(A) and (D)[3];

3. **Claim 3** alleging that Federal Defendants violated the APA public comments requirements, 5 U.S.C. § 553(c), by disregarding scientific and other comments received from the public with regard to the 2016 Proposed Delisting Rule, 81 Fed. Reg. 13174 (March 11, 2016)[4];

4. **Claim 4** alleging that Federal Defendants conducted the required peer review process in violation of (a) their own internal requirements and policies and (a) Rules 104(a) and 702 of the Federal Rules of Evidence, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999)[5];

5. **Claim 5** alleging that the GYE grizzly bears were not recovered as required by the ESA, 50 C.F.R. § 424.11(d)(2), for the purpose of removing the GYE grizzly bears' ESA protection[6]; and

---

[3] Claim 2 has been briefed by Plaintiff.  ECFs 44-47.  See ECFs 178 at 6; 274 at 2.

[4] Claim 3 has been fully briefed.  ECFs 183 at 8-10, 20-25; 187-1 at 10-14; 203 at 120-23; 205 at 160-65; 226 at 9-11.

[5] Claim 4 has not been briefed.  See ECFs 178 at 6; 274 at 2.

[6] Claim 5 has been fully briefed.  ECFs 183 at 10-14, 25-28; 187-1 at 14-19; 203 at 49-56; 205 at 165-74; 226 at 11-13.

6. **Claim 8** alleging that the 2017 Final Delisting Rule was contaminated by improper political interference rather than determined "solely on the basis of the best scientific and commercial data available" in violation of the ESA (16 U.S.C. § 1533(b)(1)(A); 50 C.F.R. § 424.11(b), (c)) and APA.[7]

This protective cross-appeal also relates specifically to the Court's ruling in the September 24, 2018, Order denying as moot Plaintiff's April 20, 2018, Motion To Supplement Final Administrative Record and Allow Limited Discovery (ECF 171).[8]

Respectfully submitted this 14th day of December 2018.

_Robert H. Aland_
Robert H. Aland, Plaintiff

140 Old Green Bay Road
Winnetka, IL  60093-1512
Telephone:  (847) 784-0994
Fax:  (847) 446-0993
E-mail:  rhaland@comcast.net

---

[7] Claim 8 has not been briefed.  See ECFs 178 at 6; 274 at 2.

[8] The Motion has been fully briefed.  ECFs 170, 171, 173, 177, 181, 199.

## CERTIFICATE OF SERVICE

Plaintiff certifies that on December 14, 2018, pursuant to the Court's Order dated May 14, 2018 (ECF 178), he filed PLAINTIFF PRO SE ALAND'S NOTICE OF PROTECTIVE CROSS-APPEAL by electronically submitting the document to the Clerk of the Court, who will file the document by using the CM/ECF System, which will send notice of filing to all counsel of record.

*Robert H. Aland*

Robert H. Aland, Plaintiff