Kristine M. Akland
Akland Law Firm, PLLC
317 E. Spruce St.
P.O. Box 7274
Missoula, MT 59807
aklandlawfirm@gmail.com
Telephone: (406) 544-9863

Nicholas M. Arrivo
The Humane Society of the United States
1255 23rd St. NW, Suite 450
narrivo@humanesociety.org
Telephone: (202) 676-2339
Admitted *pro hac vice*

Counsel for Plaintiffs in CV 17-117-M-DLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE, *et al.,* | CV-17-00089-M-DLC |
| *Plaintiffs,* | [Consolidated with: CV-17-117-M-DLC; CV-17-118-M-DLC; CV-17-119-M-DLC; CV-17-123-M-DLC] |
| v. | |
| UNITED STATES OF AMERICA, *et al.,* | |
| *Defendants,* | **MEMORANDUM IN SUPPORT OF PLAINTIFFS THE HUMANE SOCIETY OF THE UNITED STATES, ET AL.'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| and | |
| STATE OF WYOMING, *et al.* | |
| *Defendant-Intervenors.* | |

Pursuant to this Court's September 10, 2020 Order (Dkt. 308), Plaintiffs the Humane Society of the United States ("HSUS") and the Fund for Animals (collectively, "HSUS Plaintiffs") respectfully move for an award of attorneys' fees and costs under the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(4), in the amount of $221,800.88. This figure includes recovery of attorneys' fees and costs for litigation of this matter both in this Court and before the Ninth Circuit Court of Appeals, which transferred consideration of all attorneys' fees and costs to this Court (Dkt. 307).

I. **HSUS PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS UNDER THE ENDANGERED SPECIES ACT**

Under the ESA, a court "may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the Court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). This language, which is found in several environmental statutes, was "meant to expand the class of parties eligible for fee awards from prevailing parties to *partially prevailing* parties – parties achieving *some success*, even if not major success" on the merits of their claims. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 (1983) (emphasis in original); *see also Sierra Club v. EPA*, 322 F.3d 718, 726-27 (D.C. Cir. 2003) (discussing *Ruckelshaus* and awarding attorneys' fees even though the petitioners achieved only some of the relief

sought). Awards to a prevailing or partially prevailing party are warranted
where the litigation contributed to the "public interest by assisting the
interpretation or implementation" of the ESA. *Carson-Truckee Water
Conservancy Dist. v. Sec. of Interior*, 748 F.2d 523, 525 (9th Cir. 1984); *see
also Ruckelshaus*, 463 U.S. at 687 (purpose of fee-shifting statutes is "to
encourage litigation which will assure proper implementation and
administration of the act or otherwise serve the public interest" (*quoting*
H.R.Rep. No. 95–294, at 337 (1977), reprinted in 1977 U.S.C.C.A.N. 1416)).

In this case, HSUS Plaintiffs achieved complete success in obtaining
vacatur of the U.S. Fish & Wildlife Service's ("FWS") June 2017 final rule
designating the Greater Yellowstone Ecosystem ("GYE") population of
grizzly bears as a distinct population segment ("DPS") and removing it from
the federal list of threatened species under the ESA. 82 Fed. Reg. 30,502
(June 30, 2017) (the "Final Rule").  In September 2018, this Court granted
HSUS Plaintiffs' motion for summary judgment, denied Federal Defendants'
cross-motion, and vacated the Final Rule. *Crow Indian Tribe v. United States*,
343 F. Supp. 3d 999 (D. Mont. 2018), *aff'd in part, remanded in part*, 965
F.3d 662 (9th Cir. 2020). On appeal, the Ninth Circuit substantially affirmed
that ruling, including the decision to vacate the Final Rule. 965 F.3d at 681.

The Ninth Circuit ruled in Appellees' favor on each of the three independent claims upon which this Court granted summary judgment, including the "recalibration" claim that HSUS Plaintiffs addressed, among other claims, in their merits briefing before this Court and the appellate court. The Ninth Circuit also upheld in its entirety the remedy sought by HSUS Plaintiffs throughout the litigation: vacatur of the Final Rule. Because HSUS Plaintiffs pursued and fully achieved "a consistent objective" in all claims in this litigation, an award of attorneys' fees and costs is appropriate. *See American Lands All. v. Norton*, 525 F. Supp. 2d 135, 146 (D.D.C. 2007).

This litigation also substantially contributed to the goals of the ESA because it ensured that Federal Defendants—a federal administrative agency and federal officials—remain in compliance with the ESA by vacating an unlawful delisting decision and ensuring that these legal inadequacies are addressed before any subsequent delisting rule issues. *See Carson-Truckee*, 748 F.2d at 525 (9th Cir. 1984) ("[T]he dominant consideration [of the ESA] is whether litigation by the party has served the public interest by assisting the interpretation or implementation of the . . . Act."); *see also Ruckelshaus*, 463 U.S. at 687. Additionally, both this Court and the Ninth Circuit's decisions carry precedential value relating to the interpretation of the ESA, by making clear (a) FWS' statutory obligations any time it is designating a DPS for

3

listing or delisting in the future; and (b) that FWS' statutory duty to make listing determinations solely on the basis of the "best available science" precludes "negotiation" regarding the adequacy of post-delisting state regulatory mechanisms. *Crow Indian Tribe*, 343 F. Supp. 3d at 1018 ("The Service cannot negotiate away its obligation to make decisions 'solely on the basis of the best available science') (*quoting* 16 U.S.C. § 1533(b)(1)(A)). The decisions in this case build on precedent established by successful litigation brought by HSUS Plaintiffs in the D.C. Circuit Court of Appeals, sharpening the interpretation of the ESA and reducing the likelihood of future controversy in the courts. *See Humane Society of the United States v. Zinke*, 865 F.3d 585 (D.C. Cir. 2017).

HSUS Plaintiffs have obtained a sufficient degree of success and made a substantial contribution to the goals of the ESA, and are thus entitled to compensation for their attorneys' fees and costs.  *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559–60 (1986) (costs of litigation awarded when citizen performs a public service by enforcing environmental statutes).

## II.    HSUS PLAINTIFFS' FEE REQUEST IS REASONABLE

Attorneys' fee awards in cases such as this are calculated using the "lodestar" method, in which a reasonable hourly rate of compensation is

multiplied by the number of hours reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009). The fees sought by HSUS Plaintiffs in this litigation adhere to this method, and should be afforded a "strong presumption" of reasonability. *Pennsylvania*, 478 U.S. at 565.

HSUS Plaintiffs' requested rates are "reasonable." *Hensley*, 461 U.S. at 433. Hourly rates are "reasonable" where they are "in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). In this case, HSUS Plaintiffs seek $230-$360/hour for work performed by HSUS staff attorney Nicholas Arrivo, $300-$430/hour for work performed by HSUS managing attorney Anna Frostic, and $220-$250/hour for work performed by local counsel Kristine Akland. Arrivo, Frostic, and Akland carried most of HSUS Plaintiffs' work in this litigation. HSUS Plaintiffs additionally seek fee recovery for work performed by certain other attorneys: $310-$440/hour for work performed by litigation director Ralph Henry, and $220-$250/hour for work performed by staff attorney Laura Smythe. These rates accord with District of Montana case law approving attorneys' fees rates in successful challenges to federal agency actions. *See All. for the Wild Rockies v. Savage*, 2019 WL 3293425, at *7 (D. Mont. July

5

22, 2019) (approving rates of $300-440/hour, including an additional $100/hour for appellate work).

HSUS Plaintiffs seek compensation for hours "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433. The attorney hours expended on this case are reflected in contemporaneous, itemized time records kept by each attorney and attached to the declaration of Nicholas Arrivo accompanying this motion. In determining the number of hours reasonably expended, HSUS Plaintiffs have exercised substantial "billing judgment" and ensured that the time claimed is not excessive, duplicative, or otherwise unnecessary.  To facilitate resolution of its claim for fees, and for purposes of settlement only, HSUS Plaintiffs have made the following reductions from the amount to which they would ordinarily be entitled:

- HSUS Plaintiffs are not seeking to recover attorneys' fees for all attorneys, law clerks, and support staff involved in this litigation.

- HSUS Plaintiffs excluded time spent on collateral matters, such as responding to press inquiries, and excluded time spent working on matters relating to the Final Rule in advance of the drafting the ESA-mandated 60-days' advanced notice of their intent to file suit, including preparation of HSUS Plaintiffs' comments on the proposed rule and

conferences with internal clients and counsel for external co-plaintiffs regarding litigation strategy.

- HSUS Plaintiffs have only claimed fees for a maximum of two attorneys accrued during meetings or conferences involving more than two attorneys representing HSUS Plaintiffs (excluding moots).

- HSUS Plaintiffs are not seeking fees for time spent in the preparation of this fee motion.

These reductions are reflected in the chart below, which summarizes the fees and costs for which HSUS Plaintiffs seek recovery.

## Summary of Requested Attorneys' Fees and Costs

| Attorney (year of law school graduation) | District Court Rate (2017-2020) | Appellate Rate (2019-2020) | Hours | Fees |
|---|---|---|---|---|
| N. Arrivo (2013) | $230-$260 | $350-$360 | 606.9 | $156,220 |
| A. Frostic (2006) | $300-$330 | $420-$430 | 118.3 | $36,937 |
| K. Akland (2014) | $220-$250 | n/a | 43.6 | $9,949 |
| R. Henry (2005) | $310-$340 | $430-$440 | 39.5 | $13,399 |
| L. Smythe (2014) | $220-$250 | n/a | 14.8 | $3,210 |
| **Total Hours and Fees** | | | **823.1** | **$219,175** |

| | | | | |
|---|---|---|---|---|
| **Total Costs[1]** | | | | **$2,625.88** |

| | | | | |
|---|---|---|---|---|
| **Total** | | | | **$221,800.88** |

---

[1] In addition to reasonable attorneys' fees, the ESA entitles Plaintiffs to recover their "costs of litigation." 16 U.S.C. § 1540(g)(4). The fees reflected here represent filing fees and other court fees, costs of binding printed materials, and attorney travel costs associated with district court hearings. These costs are itemized in Exhibit A to the declaration of Nicholas Arrivo.

**CONCLUSION**

HSUS Plaintiffs seek a recovery of attorneys' fees in the amount of $219,175 and costs in the amount of $2,625.88 for a total request of $221,800.88. If settlement discussions fail to yield an agreement regarding this fee motion, HSUS Plaintiffs will provide documentation of their entitlement to the recovery sought in this motion, as well as additional fees and costs.

Respectfully submitted this 15th day of September, 2020.

<u>**/s/ Nicholas M. Arrivo**</u>
Nicholas M. Arrivo
The Humane Society of the United States
1255 23rd St. NW, Suite 450
Washington, DC 20037
(202) 676-2339
narrivo@humanesociety.org

Kristine M. Akland
Akland Law Firm, PLLC
317 E. Spruce St.
P.O. Box 7274
Missoula, MT 59807
aklandlawfirm@gmail.com

*Counsel for Plaintiffs*
*The Humane Society of the United States*
*and The Fund for Animals*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I hereby certify that the foregoing

Memorandum contains 1,566 words, as determined by the word count

function of Microsoft Word.

**/s/ Kristine M. Akland**
Kristine M. Akland

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2020, I

electronically filed the foregoing Memorandum and attached documents

through the District of Montana CM/ECF system, causing it to be served on

all counsel of record.

I further certify that I served on this date the foregoing Memorandum

and attached documents via electronic mail to the *pro se* case participant

below, who is not registered in the District of Montana CM/ECF system:

Robert H. Aland
140 Old Green Bay Road
Winnetka, IL 60093-1512

**/s/ Kristine M. Akland**
Kristine M. Akland