IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CROW INDIAN TRIBE; et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>　　　　　Federal Defendants.<br>　and<br><br>STATE OF WYOMING; et al.,<br><br>　　　　　Defendant-Intervenors. | CV 17–89–M–DLC<br><br>(Consolidated with Case Nos.<br>CV 17–117–M–DLC,<br>CV 17–118–M–DLC,<br>CV 17–119–M–DLC,<br>CV 17–123–M–DLC<br>and CV 18–16–M–DLC)<br><br>ORDER |

Before the Court is a Joint Stipulation to Resolve Plaintiffs' Claim for Attorneys' Fees and Costs entered into between Plaintiffs Crow Indian Tribe, et al., in case number CV 17–89–M–DLC and Federal Defendants. (Doc. 333.) Pursuant to the parties' stipulation,

　　IT IS ORDERED that:

　　1.　Federal Defendants shall pay and Plaintiffs shall accept $132,804 in full satisfaction of any and all of Plaintiffs' claims, demands, rights, and causes of action, under any authority for attorneys' fees or costs incurred in connection with this lawsuit through and including the date of the Court order approving this

1

Agreement.

2. Federal Defendants shall make the payment set forth in Paragraph 1 of this Agreement by electronic funds transfer to Plaintiffs' counsel, on behalf of Plaintiffs. No later than ten (10) days following entry of this Stipulation as an order of the Court, Plaintiffs, through their counsel, shall provide counsel for Federal Defendants the following information necessary for Federal Defendants to process the payment set forth in Paragraph 1: the Plaintiffs' name, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and number, the account type, the bank routing transit number, the ABA number, and the payee's tax identification number.   Upon the request of counsel for Federal Defendants, counsel for Plaintiffs shall provide additional information (including the tax identification numbers of Plaintiffs or payee), if needed, to process the payment set forth in Paragraph 1.

3. Federal Defendants shall submit all paperwork necessary to complete the $132,804 payment set forth in Paragraph 1 within fourteen (14) business days of receipt of either a signed order from the Court approving this stipulation or receipt of the information described in Paragraph 2, whichever is later.   Plaintiffs, through their counsel, shall confirm receipt of the payment within 7 days of receipt of such payment in writing to counsel for Federal Defendants.

4. Plaintiffs' receipt of the $132,804 payment set forth in Paragraph 1 in

accordance with this Agreement shall operate as a full release of Plaintiffs' claims for attorneys' fees and costs arising out of this lawsuit.

5. The Parties agree that this Agreement was negotiated and entered into in good faith and that it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. This Agreement shall not be construed as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have.

6. By entering into this Agreement, Federal Defendants do not waive any right to contest fees or costs claimed by Plaintiffs, including hourly rates, in any future litigation or continuation of the present action, and Plaintiffs do not waive any right to claim such fees or costs. The undersigned Parties agree and acknowledge that this Agreement as to attorneys' fees and costs has no precedential value, except as necessary to enforce the terms of this Agreement.

7. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8. The terms of this Agreement constitute the entire agreement of the

Parties, and all previous understandings, agreements, and communications concerning settlement of Plaintiffs' claims for attorneys' fees and costs incurred in the lawsuit that occurred prior to the date hereof, whether express or implied, oral or written, are fully and completely extinguished and superseded by this Agreement.  This Agreement may be modified only upon mutual written consent of the Parties and the Court's approval of a joint stipulation to modify this Agreement.

9. The undersigned representatives of Plaintiffs and Federal Defendants certify that they are fully authorized by the Party or Parties they represent to enter into the terms and conditions of this Agreement and to legally bind the Parties to it.

10. The provisions of this Agreement shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns.

11. Within 10 days after receipt of payment in accordance with this Agreement, Plaintiffs shall file a Notice of Satisfaction and shall withdraw its motion for attorneys' fees and costs.

12. This Agreement is effective as of the date it is entered by the Court.

DATED this 21st day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court